# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**RAY D. COLBURN,**          )
                             )
      Petitioner,   )
                             )
v.                           )   **Case No. CIV 12-370-FHS-KEW**
                             )
**TERRY BILLINGSLEY, Warden,** )
                             )
      Respondent.   )

## OPINION AND ORDER

Petitioner Ray D. Colburn, an inmate in the custody of the Federal Bureau of Prisons who is incarcerated at the Federal Correctional Institution in Otisville, New York, is seeking relief from a detainer that was lodged against him by the Oklahoma Department of Corrections. He has filed a motion to stay these proceedings and hold his habeas petition in abeyance, until his claims are exhausted by a decision on his pending state post-conviction appeal.

A habeas petitioner is required to exhaust his state court remedies prior to obtaining federal habeas review. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007); *see also* 28 U.S.C. § 2254(b)(1). In *Rhines v. Weber*, 544 U.S. 269 (2005), however, the Supreme Court held that "in limited circumstances," *id*. at 277, a district court may stay a *mixed* habeas petition (one that includes both exhausted and unexhausted claims) "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition," *id*. at 271-72 (emphasis added).

Here, petitioner has not filed a mixed petition, but rather a petition that raises only unexhausted claims. The Tenth Circuit Court of Appeals has not yet decided, however,

"whether the procedure in *Rhines* applies to totally unexhausted petitions." *United States v. Hickman*, 191 Fed. Appx. 756, 757, 2006 WL 2328760, at *1 (10th Cir. Aug. 11, 2006). In the unpublished *Hickman* decision, the Tenth Circuit concluded that a district court's refusal to stay a petition containing only unexhausted claims did not constitute an abuse of discretion. *Id*.

> Traditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). It is theoretically true that a federal habeas court could deny a petition containing totally unexhausted claims. 28 U.S.C. § 2254(b)(1)(A). However, stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first. *See Rhines*, 544 U.S. at 277; *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

*Hickman*, 191 Fed. Appx. at 757, 2006 WL 2328760, at *1.

Under these guidelines, and without any showing of good cause for petitioner's failure to exhaust his state-court claims before proceeding to the federal courts, his motion for stay and abeyance must be denied.

**ACCORDINGLY,** petitioner's motion [Docket No. 13] is DENIED.

IT IS SO ORDERED this 18th day of January, 2013.

Frank H. Seay
United States District Judge