# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAY D. COLBURN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. CIV 12-370-FHS-KEW |
| ROBERT PATTON, Director, Oklahoma Department of Corrections,[1] | ) ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the Federal Correctional Institution in Otisville, New York, again is challenging a detainer placed against him following parole revocation in Seminole County District Court Case No. CF-1995-176. As alleged in his previously-decided § 2241 petition, *Colburn v. Jones*, No. CIV-13-250-JHP-KEW (E.D. Okla. Sept. 30, 2014), he is claiming "the detainer should be invalidated, and Oklahoma authorities should be enjoined from extraditing [him]

---

[1] Generally, the proper respondent in a § 2241 action is the warden of the institution where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 433–436 (2004); *Scott v. United States*, 586 F. Supp. 66, 68 n.1 (E.D.Va. 1984) (citing *Copeland v. State of Mississippi*, 415 F. Supp. 1271, 1272 n.1 (N.D. Miss. 1976)). However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Rumsfeld*, 542 U.S. at 438. Here, Petitioner is not challenging his present physical federal confinement; rather, he is challenging a state detainer lodged against him, seeking to be released at the end of his federal prison term. Therefore, the proper respondent is Robert Patton, Director of the Oklahoma Department of Corrections.

because its prior failure to do so on two occasions resulted in an unreasonable delay and violated [his] right to due process of law." (Dkt. 22 at 4). He also asserts that "the manner in which parole was revoked violated petitioner's right to due process of law." *Id*. at 5.

Citing 28 U.S.C. § 2244(b), the respondent alleges this second habeas petition must be dismissed as successive. Section 2241 habeas petitions, however, "are not mentioned anywhere in § 2244(b). Accordingly, the requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas petitions brought under § 2241." *Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010) (citations omitted). Furthermore, this action was filed *before* Case No. 13-250-JHP-KEW.

While § 2244(b) does not apply, the court finds 28 U.S.C. § 2244(a) prevents the court from considering this petition:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .

28 U.S.C. § 2244(a). A federal court is authorized "to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determine[s] that hearing the claim would serve the ends of justice." *Stanko*, 617 F.3d at 1269 (footnote omitted) (citing *McClesky v. Zant*, 499 U.S. 467, 480-82 (1991)).

Furthermore, as argued by the respondent in this case and in the 2013 action, petitioner has failed to properly exhaust the available state administrative and judicial remedies for his claims. Petitioner again claims he lacked access to the DOC's administrative remedy process, and state court remedies have been exhausted. The court,

2

however, again finds he has not met the exhaustion requirement.

> The record shows petitioner has not sought relief through the Oklahoma Department of Corrections inmate grievance procedure or through a state petition for a writ of habeas corpus. He did, however, file an application for post-conviction relief in the trial court on October 14, 2011. The denial of that application was affirmed in *Colburn v. State*, No. PC 2012-343, slip op. (Okla. Crim. App. Feb. 4 2013). . . . The court finds petitioner did not exhaust his remedies before filing this federal habeas petition, as required by 28 U.S.C. § 2254(b)(1)(A).

*Colburn*, No. CIV-13-250-JHP-KEW, slip op. at 2-3.[2] Therefore, this action must be dismissed.

The court further concludes petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, petitioner is denied a certificate of appealability.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus (Dkt. 31) is GRANTED, and this action is DISMISSED in its entirety. Petitioner also is denied a certificate of appealability.

Dated: November 26, 2014

Frank H. Seay
United States District Judge

---

[2] The court also found in Case No. 13-250-JHP-KEW that petitioner's habeas petition was barred by the statute of limitations imposed by 28 U.S.C. § 2244(d)(1)(D). *Id.*, slip op. at 3-5. The deadline for petitioner to raise his claims was June 28, 2011. *Id.* at 4.

3